# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CLAYTON JAMES SROCK,** | : | |
| Petitioner | : | |
| | : | CIVIL ACTION NO. 3:18-CV-1292 |
| v. | : | |
| | : | (Judge Caputo) |
| **MICHAEL CLARK,** | : | |
| Respondent | : | |

## M E M O R A N D U M

### I. Background

Clayton James Srock, on June 5, 2018, initiated this *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 while incarcerated at the Albion State Correctional Institution (SCI-Albion), in Albion, Pennsylvania. Petitioner challenges the legality of his June 2012 conviction for failing to comply with the registration requirements pursuant to 18 Pa. C.S. § 4915. Mr. Srock argues that following the Pennsylvania Supreme Court's decision in *Commonwealth v. Neiman*, 84 A.3d 603 (Pa. 2013) which stuck down Pennsylvania's sex offender registration statute, his present incarceration is unlawful.

For the reasons that follow, the Court will dismiss this action without prejudice for failure to prosecute.

### II. Factual and Procedural History

Mr. Srock initiated this action in the Western District of Pennsylvania where he was housed. (ECF No. 1). The Western District transferred the matter to this Court on

June 25, 2018, noting the challenged conviction arose within this district, Luzerne County. (ECF No. 2). On July 3, 2018, the Court issued an Order advising the Petitioner of his rights under *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000). After Mr. Srock failed to respond to that Order, the Court served the Petition on the Respondent. (ECF No. 5). Petitioner's copy of the order was returned to the Court with a notation "unable to forward". (ECF No. 6). The order was remailed to Mr. Srock at his last known address, SCI-Albion. On October 5, 2018, the Court's order was returned for a second time with a notation that Mr. Srock was "paroled". (ECF No. 8). On October 5, 2018, the Court granted Respondent's enlargement of time to respond to the Petition. (ECF No. 9). Again, the Court's mailing to Petitioner was returned with the notation "paroled". (ECF No. 10). On November 5, 2018, Respondent filed a response to the Petition seeking its dismissal for various reasons, including that is untimely and that Mr. Srock "maxed out his sentence and was released on June 26, 2018". (ECF No. 11). Mr. Srock has not filed a Reply or otherwise communicated with the Court.

III.     Discussion

A habeas petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement in prison. *Preiser v. Rodriguez*, 411 U.S. 475 (1973). Federal habeas relief is only available "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002). Since Mr. Srock is challenging the legality of his Luzerne county conviction, this matter was properly raised under § 2254.

A *pro se* litigant has an affirmative obligation to keep the court informed of his or her address. See M.D. Pa. Local Rule 83.18. Rule 41(b) of the Federal Rules of Civil Procedure authorizes the court to dismiss an action "[i]f the plaintiff fails to prosecute." The United States Supreme Court has held that "[t]he authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statue but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.,* 370 U.S. 626, 631, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1962). Ordinarily when deciding, *sua sponte*, to dismiss an action as a sanction, a district court is required to consider and balance six factors enumerated in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984). "However, when a litigant's conduct makes adjudication of the case impossible, such balancing under *Poulis* unnecessary. See *McLaren v. NJ Dept. of Educ.*, 462 F. App'x 148, 149 (3d Cir. 2012) (per curiam) (citing *Guyer v. Beard*, 907 F.2d 1424, 1429 - 30 (3d Cir. 1990) and *Spain v. Gallegos*, 26 F.3d 439, 454-55 (3d Cir.1994)); *see also Doe v. Megless, 654 F.3d 404, 411 (3d Cir. 2011)* (the District Court did not clearly err in determining that "[b]ecause Doe's conduct makes adjudication of the case impossible, dismissal pursuant to Rule 41(b) is appropriate, even without consideration of the Poulis factors").

As discussed above, Mr. Srock has not communicated with the Court following the filing of his Petition. All correspondence sent to Mr. Srock, at his last known address, has been returned as undeliverable. Several of the envelopes were returned with the notation "paroled". Respondent advises that Mr. Srock completed his sentence on June 26, 2018, shortly after filing his Petition. To date Mr. Srock has not advised the

Court of his release from custody or his current address nor made any filings in this matter since its inception. The Court's search of the Department of Corrections' (DOC) Inmate Locator database, found at https://www.cor.pa.gov/Inmates, confirms that Mr. Srock is not in DOC custody. Similarly, the Court's efforts to locate Mr. Srock via the Victim Information and Notification Everyday (VINELink) database available to the public to track the release of prisoners, found at https://www.vinelink.com, also yielded negative results.

Mr. Srock's failure to advise this Court of his current whereabouts indicates that he is no longer interested in pursuing his request for federal habeas corpus relief and precludes this Court from taking any further action in this matter. The inability of this Court to communicate with Petitioner is solely the result of his own inaction. Since Mr. Srock's present whereabouts are unknown, it would be a waste of judicial resources to allow this action to continue. This Court is satisfied that based on the present circumstances, dismissal of this action without prejudice for failure to prosecute is warranted. If Petitioner provides this Court with his current address within a reasonable period, this determination will be reconsidered.

An appropriate order follows.

**Date:** January 23, 2019  /s/ A. Richard Caputo
**A. RICHARD CAPUTO**
**United States District Judge**